TAYLOR, *Ex-parte.*

The County Court cannot refuse to hear and determine a claim against the county, in favor of any individual, until he will release all errors in a case wherein the county has obtained judgment against him. If it should do so, it will be compelled to proceed in the case, by mandamus.

John K. Taylor was sheriff of Pulaski county, in the years 1835 and 1836. At January term, 1842, of the County Court of that county, he presented, for allowance and settlement, a claim, against the county, for moneys due him as sheriff, to the amount of $1616 49. He and his securities had been previously sued, on his official bond, in Pulaski Circuit Court, by the county, and judgment obtained against him and them, in November, 1841, for some $1400, which judgment was, in July, 1842, reversed, in this Court. When he presented his account to the County Court, he had sued out a writ of error to that judgment.

The record of the County Court states, that the Court was of opinion that they had no jurisdiction of the case, because the settlement had once been adjudicated there, a suit brought in the Circuit Court thereon, and a writ of error pending. The Court, therefore, determined that no further hearing should be given in the case, at that time; and Taylor excepted. The bill of exceptions shows that he offered his account, and introduced evidence to support it. After hearing some of the witnesses offered, the Court stated, that "they understood that there was a judgment of Pulaski Circuit Court, against said Taylor and his securities, for the sum of $1400, (about)," and declared that they would hear no more evidence, nor investigate, settle, or allow, the claims or accounts of Taylor, "unless he first entered of record a release of all errors that might be in said judgment against him." This he refused to do, unless his accounts were first allowed. Taylor then applied to this Court for a mandamus, to compel the County Court to credit his claims.

7

Taylor, *Ex-parte.*

*By the Court,* LACY, J. This is an application, in behalf of the petitioner, for a writ of mandamus from this Court to the justices of the County Court of Pulaski. commanding them to take jurisdiction, and proceed to adjudicate in the premises, in a case between petitioner and the county. The record is somewhat confused, and seems to be contradictory, but it shows these facts: that the petitioner presented his claim against the county of Pulaski, for allowance of certain fees, as sheriff of the county, under the territorial government, and that he offered to adduce proof to establish his claim, and the Court refused to hear the testimony or make the allowance, unless the petitioner would release all errors that might be in a judgment, recovered by the county against him, in the Pulaski Circuit Court, which he refused to do. To this opinion of the Court, in refusing to make the allowance, the petitioner excepted, and filed his bill of exceptions, which contains the evidence he offered at the trial. It is perfectly manifest, that the County Court had jurisdiction of the case submitted to them, and it was their duty to proceed and determine the same, according to law and evidence; and they possess no power to encumber the plaintiff's right to a recovery, by making it a precedent condition that he should release errors upon a judgment, obtained against him by the county, in the Pulaski Circuit Court. The record of that case was not before the County Court, and it is not shown to have any connection with the present case. If the county justly owes him the amount claimed, the Court are bound to allow it. It cannot close its doors against suitors, or refuse to hear evidence in support of their claims, nor so encumber their remedies as to impair their vested rights. These principles are so just and obvious, that their simple statement demands the assent of all minds; and, therefore, we deem it unnecessary to add any thing further in support of them. Consequently, we hereby direct that a peremptory mandamus be issued.